Francis X. Conlon, J.
This motion is denied. The court is unable to hold that the respondent’s refusal to issue a hack driver’s license to petitioner, whose criminal record includes a felony conviction, was unreasonable, arbitrary or capricious (Matter of Baldi v. Gilchrist, 204 App. Div. 425; Matter of Greenberg v. Monaghan, 284 App. Div. 944; Matter of Loeb v. Adams, 1 A D 2d 662, affd. 1 N Y 2d 894). In Matter of Loeb v. Adams (supra) the Commissioner was upheld in his refusal, even though the' convictions were only for misdemeanors, notwithstanding the fact that the statute requires an applicant for a license to list only felony convictions. The case of Matter of Barton Trucking Corp. v. O’Connell (7 A D 2d 36) cited by petitioner, involved a cartman’s license. The court pointed out that the purpose of licensing cartmen was only identification, revenue and control of their fees. A different situation is presented in the case of licensing a taxicab driver, because of the possible dangers to the public from riding in cabs driven by criminals. The taxicab industry is affected with a public interest. Furthermore, the Court, of Appeals has granted leave to appeal in the Barton case (supra) and such appeal is now pending. The fact that petitioner’s convictions occurred a long time ago does not, in itself, have the effect of making the refusal of a license arbitrary or capricious, in view of the dangers to the public to be apprehended from permitting excriminals to drive taxicabs. A different situation is presented in the case of cartmen. The provisions of section 242 of the Executive Law do not require a different determination. That section expressly provides that nothing therein contained shall prevent a licensing board from refusing a license to a person to whom a certificate of good conduct shall have been granted pursuant to that section.